UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**BEVERLY ROBINSON**

                                           **CIVIL ACTION**

**VS.**                                               **NO.**

**WALMART, INC.**                                **SECTION**

## **COMPLAINT**

Now into Court, through undersigned counsel, comes Beverly Robinson, who allege and show as follows:

1.

Plaintiff Beverly Robinson is of the full age of majority and a resident of the State of Louisiana, Parish of Jefferson.

2.

Made Defendants herein are:

A.      Walmart, Inc. is a foreign corporation licensed to do, and doing business in the state of Louisiana, who at all relevant times maintained a principal business establishment in Louisiana, and owned an operated the Walmart Super-center located in the Parish of Ascension, State of Louisiana wherein the incident that forms the subject of this litigation occurred.

3.

This Court has jurisdiction over this case pursuant to 15 U.S.C. Section 1332 because the parties are domiciled in different States and damages are believed to exceed $75,000.00.

4.

Venue is proper in this Court pursuant to 29 U.S.C. Section 1132(e)(2).

5.

On or about July 9, 2021 plaintiff, Beverly Robinson lawfully entered the Walmart Super-center located in Donaldsonville, Louisiana to purchase a few grocery items.

6.

Beverly Robinson obtained several items throughout the store and proceeded to customer service to purchase the items. The items became too heavy for Beverly Robinson to hold. Beverly Robinson decided to get a grocery cart to carry the items. Beverly Robinson put the items in the grocery cart and placed her hands on the handle of the cart, when suddenly and violently she was pushed to the floor, by the force of several grocery carts being pushed into her from the opposite side, by a Walmart employee.

7.

The accident referred to herein and the resulting injuries and damages were caused solely and proximately by the fault and negligence of Walmart Inc. in the following non exclusive particulars, to wit:

    A.    In failing to keep a proper lookout for customers;

    B.    Failing to see what should have been seen;

    C.    Recklessly and/or carelessly operating shopping carts;

    D.    Failing to properly inspect the area where the accident occurred;

    E.    Failing to maintain the premises and render it safe for customers;

    F.    Failing to use reasonable and prudent care under the circumstances;

> G. Failing to prevent the risk of foreseeable harm to a public patron, like plaintiff, resulting in a breach of a duty owed to plaintiff, and
>
> H. Any and all other acts of negligence or fault to be shown at the time of trial.

8.

That as a result of the above negligence, plaintiff sustained the following injuries:

1. Multiple bruises, contusions and abrasions of both arms, legs, head, neck, abdomen, trunk, hips and back, soft tissue injuries and severe and permanent internal injuries;
2. Strain, sprain, subluxation and other hurt and damage to the entire body, including the back and neck, the spine, bones, joints, nerves, tendons, ligaments, joint capsules, cartilages, muscles, facia and other soft tissues;
3. Injuries to the head, brain and nervous system; and
4. Severe and permanent headaches, emotional upset and distress and other psychological sequelae, including shock.

9.

Plaintiff itemize her damages as follows:

Past, present and future medicine, drugs, hospitalization, medical care, lost wages, loss of wage-earning capacity, pain and suffering, Residual disabilities, mental anguish, emotional upset and distress and other psychological sequelae, loss of enjoyment of life, rehabilitation and support care.

10.

As a result of this accident, plaintiff was forced to undergo, and is still undergoing medical treatment, and have suffered and will continue to suffer restrictions and limitations on her activities.

11.

Plaintiff have suffered special damages in the form of medical expenses incurred as a result of the collision and will continue to incur medical expenses as a result of the accident.

**WHEREFORE, Plaintiff prays:**

1. That certified copies of this complaint, together with citation, be issued and served

2. After the lapse of all legal delays and proceedings had, there be judgment against Walmart Inc, in such amounts as are reasonable in the premises

3. For legal interest from date of judicial demand on all amounts awarded, and for all costs of these proceedings; and

4. For all Expert fees to be cast as costs;

5. For all necessary orders and decrees as may be required or proper in the

premises and for full, general and equitable relief.

Respectfully submitted,

s/Ralph Bickham

_____
Ralph Bickham LSBA#30222
The Bickham Law Practice LLC
650 Poydras Street Suite 1400
New Orleans, LA 70130
504-584-5730